# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUDEEP KHETANI,**

      **Plaintiff,**

v.                                                    Case No: 6:16-cv-27-Orl-18KRS

**ORANGE COUNTY PROBATION,**
**ORLANDO POLICE DEPARTMENT and**
**STATE ATTORNEY OF NINTH**
**JUDICIAL CIRCUIT,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:** January 8, 2016

### I. PROCEDURAL HISTORY.

Plaintiff Sudeep Khetani filed a complaint naming Orange County Probation, the Orlando Police Department and the State Attorney of the Ninth Judicial Circuit as defendants. Khetani alleges that the Defendants violated his Fourth Amendment rights in violation of 42 U.S.C. § 1983. Doc. No. 1.

It appears from the allegations in the complaint that Khetani is, or was, on probation in a criminal case filed in the Circuit Court in and for the Ninth Judicial Circuit. On March 11, 2015, a

"judgement" was entered against him arising from a stalking petition. Sometime on or before April 20, 2015, Orange County Probation submitted a petition for violation of probation arising from Khetani's alleged violation of section 784.048, Florida Statutes.[1] A warrant for Khetani's arrest was issued for violation of probation, and the Orlando Police Department arrested Khetani on that warrant on April 20, 2015. The Office of the State Attorney for the Ninth Judicial Circuit allegedly maliciously prosecuted Khetani by having him held without bond for 126 days. Khetani alleges that there was no probable cause for the violation of probation petition, his arrest or his detention because he did not violate the "judgement" and he was never criminally arrested for stalking. *Id.* at 2. Khetani does not allege the relief he seeks. Because he alleges that he has been released from custody, I assume for purposes of this Report and Recommendation that he seeks money damages.

Khetani filed an Application to Proceed without Prepayment of Fees. Doc. No. 2. He also filed a motion seeking appointment of counsel. Doc. No. 2.

## II.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Accord* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

---

[1] Khetani asserts that the offense alleged in the violation petition was a violation of section 748.048, Florida Statutes. Doc. No. 1, at 2. However, the Florida criminal stalking statute is section 784.048, Florida Statutes.

**III.     ANALYSIS.**

    *A.     Claims Against the Office of the State Attorney.*

Khetani alleges that "the State Attorneys Office of the Ninth Judicial Circuit [committed] malicious prosecution and false imprisonment for detaining [him] without bond for the 126 day time period; after knowing the fact that the plaintiff was never arrested for a stalking accusation as per the violation of probation accused."  Doc. No. 1, at 2.

"The Eleventh Amendment to the United States Constitution grants States immunity from suits brought by private citizens in federal court."  *Perez v. State Attorney's Office*, No. 6:08-cv-1199-Orl-31KRS, 2008 WL 4539430, at *1 (M.D. Fla. Oct. 8, 2008) (citing U.S. Const. amend. XI).  "Florida courts have held that the State Attorney and the State Attorney's Office is an 'arm of the state,' for purposes of the Eleventh Amendment."  *Id.* at *2.  Therefore, Khetani's claims against the "State Attorneys Office of the Ninth Judicial Circuit" must be dismissed because that office is immune from the suit brought by Khetani.

Even if Khetani intended to name an individual State Attorney or Assistant State Attorney as a defendant, his claims against that individual prosecutor would still be subject to dismissal.  "A prosecutor is immune from suit under section 1983 for acts taken during the course of his duty as a prosecutor."  *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976), and *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)).

Therefore, I recommend that Khetani's claims against the State Attorney of the Ninth Judicial Circuit be dismissed.

    *B.     Claims Against the Orlando Police Department.*

Khetani alleges that the "Orlando Police Department . . . falsely arrested [him] without substantial probable cause."  Doc. No. 1, at 2.  The Orlando Police Department is merely an agent

of the City of Orlando. As such, it is not a legal entity subject to suit. *Vaughn v. City of Orlando*, No. 6:07-cv-1695-Orl-19UAM, 2008 WL 151885, at *5 (M.D. Fla. Jan. 15, 2008).

Therefore, I recommend that Khetani's claims against the Orlando Police Department be dismissed.

### C. *Claims Against Orange County Probation*.

Khetani alleges that "Orange County Probation" violated his Fourth Amendment rights by "set[ting] the order for the violation of probation." Doc. No. 1, at 2. It is not clear from the allegations of the complaint that "Orange County Probation" is an entity subject to suit, rather than simply an agent of Orange County, Florida. Even if it is, a county or local government entity may not be held liable under § 1983 based solely on respondeat superior. A county is liable under § 1983 only when its custom or policy causes a constitutional violation. *Harris v. Goderick*, 608 F. App'x 760, 763 (11th Cir. 2015) (per curiam) (citing *Grech v. Clayton County*, 335 F.3d 1326, 1330 & n.6 (11th Cir. 2003)).[2] "A claimant does not allege a custom or policy under § 1983 by alleging one isolated incident." *Id.*

Because Khetani alleges only one isolated incident of filing a probation violation petition allegedly lacking in probable cause, he has failed to allege facts sufficient to establish that Orange County Probation acted improperly pursuant to its custom or policy. Therefore, I recommend that Khetani's claims against Orange County Probation also be dismissed.

### D. *Leave to Amend*.

Ordinarily, a court should give a *pro se* litigant leave to file an amended complaint before a case is dismissed with prejudice if a more carefully drafted complaint might state a claim. *Watkins*

---

[2] Unpublished decision of the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

*v. Hudson*, 560 F. App'x 908, 911 (11th Cir. 2014) (per curiam).   In this instance, it does not appear that any of the named Defendants could be subject to suit based on the facts alleged by Khetani. The case should be dismissed with prejudice as to the State Attorney of the Ninth Judicial Circuit and prosecutors employed by that office based on absolute prosecutorial immunity.   The claims against the other defendants should be dismissed without prejudice without leave to file an amended complaint in this case.

In making the recommendation regarding whether leave to amend should be granted, I take judicial notice of the state court docket in Khetani's criminal case in the Ninth Judicial Circuit in and for Osceola County, Florida, Case Number 2014 CF 2652.   *State v. Khetani*, No. 2014 CF 2652, https://courts.osceolaclerk.org/BenchmarkWeb/CourtCase.aspx/Details/2460355?digest= 8%2BJVFUk70QTjrR8NUURonQ (last visited Jan. 26, 2016); *see also Medaros-Jimenez v. Miyar*, No. 3:15cv165/LAC/EMT, 2015 WL 3747432, at *2 n.3 (N.D. Fla. June 15, 2015) (observing that docket sheets are public records of which a court may take judicial notice).   The docket reflects that a warrant on an affidavit for violation of probation was issued on April 17, 2015, and that Khetani was arrested on that warrant.   At his initial appearance, the court found probable cause existed and detained Khetani.   On August 25, 2015, Khetani admitted the violation of probation, and his probation was restored.   The case is currently pending on appeal to the Florida Fifth District Court of Appeal.   The pending state court proceedings provide Khetani the opportunity to argue that his federal constitutional rights were violated and, therefore, this Court would likely abstain from hearing Khetani's civil case.   *See, e.g., Cano-Diaz v. City of Leeds*, 882 F. Supp. 2d 1280, 1286 (N.D. Ala. 2012).

**IV.   RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS with prejudice** the claims against the State Attorney of the Ninth Judicial Circuit, and

prosecutors employed by that office.   I further **RECOMMEND** that the Court **DISMISS without prejudice** the claims against the remaining Defendants, without leave to amend.   Finally, I **RECOMMEND** that the Court **DENY** the pending motions (Doc. Nos. 2, 3), and **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 26, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy